HAWAII MANAGEMENT ALLIANCE ASSOCIATION, a Hawaii nonprofit corporation; AB & Associates, Inc., a Hawaii corporation; Hawaii Western Management Group, Inc., a California corporation; Baptiste Insurance Group, Inc., a Hawaii corporation; Hawaii Management Alliance Benefits and Services, Inc., a Hawaii corporation, Plaintiffs—Appellants,

v.

Todd MEEK, Defendant—Appellee.

No. 04–15113, 04–17038.

D.C. No. CV–02–01363–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Dec. 1, 2005.

Marc Mazer, Leslie J. Gordon, Benjamin, Weill & Mazer, San Francisco, CA, for Plaintiff–Appellant.

Sharon E. How, Benjamin, Weill & Mazer, San Francisco, CA.

Before THOMAS and W. FLETCHER, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Hawaii Management Alliance Associa-

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion; AB & Associates, Inc.; Hawaii Western Management Group, Inc.; Baptiste Insurance Group, Inc.; and Hawaii Management Alliance Benefits and Services, Inc., a group of insurance companies doing business in Hawaii (collectively "Brokers"), appeal the district court's (1) grant of summary judgment; (2) denial of the Brokers' Fed.R.Civ.P. 56(f) motion; and (3) denial of relief from judgment under Fed R. Civ. P. 60(b)(2). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

■ The district court properly granted summary judgment against the Brokers. The Brokers seek to enjoin Meek from using confidential knowledge he allegedly obtained as the Brokers' general counsel for the benefit of competitors in the Hawaii insurance market. The Brokers rely on Hawaii Rule of Professional Conduct 1.9(a), which provides in relevant part that, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Under Hawaii law, disqualification is presumed once a client establishes "that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney represented him." *Otaka, Inc. v. Klein,* 71 Haw. 376, 791 P.2d 713, 719 (1990) (*quoting T.C. Theatre Corp. v. Warner Bros. Pictures,* 113 F.Supp. 265, 268 (S.D.N.Y.1953)).

In this case, the Brokers have failed to identify any confidential communications made to Meek in the attorney-client context. In fact, they have declined to identify any confidential information at all. Rather, they rely on Meeks' general alleged familiarity with strategic corporate planning and related matters, without identifying any of those matters specifically.

After a careful review of the record, and construing all inferences in favor of the Brokers, we agree with the district court that Meek's prior employment with the Brokers was not "substantially related" to his present occupation. The record is devoid of any evidence that Meek possesses or is using any confidential attorney-client communications he received in his former capacity as General Counsel for the Brokers. The district court properly granted summary judgment on the Brokers' claims. The district court did not abuse its discretion in denying the Broker's motion pursuant to Fed.R.Civ.P. 56(f) because the information sought was not relevant to the salient summary judgment issues.

## II

■ The district court also properly denied relief pursuant to Fed.R.Civ.P. 60(b)(2), which permits the district court to grant relief from judgment on the basis of new evidence. A party seeking relief under Rule 60(b)(2) must satisfy a three-part test, presenting newly discovered evidence of facts that: (1) existed at the time of trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir.1990). The district court correctly concluded that the Brokers were not entitled to relief because the Brokers failed to establish that the information could not have been discovered through due diligence.

We have reviewed all other arguments made by the Brokers on appeal and conclude that none has merit.

AFFIRMED.